## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**JOSE AVITIA-BUSTAMANTE,**

        **Petitioner,**

**v.**                                          **Case No. 1:13-cv-21384**

**B. J. JOHNSON, Warden,**
**FCI McDowell,[1]**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's section 2241 petition (ECF No. 1) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3) and **DISMISS** this civil action from the docket of the court.

---

1   At the time he filed his petition, the Warden at FCI McDowell was Karen F. Hogsten.   However, the current Warden is B.J. Johnson.   Accordingly, the Clerk is **DIRECTED** to substitute Warden Johnson as the respondent herein.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed his petition, the petitioner was incarcerated at the Federal Correctional Center (FCI) McDowell, in Welch, West Virginia, serving a 46-month term of imprisonment imposed by the United States District Court for the Western District of Oklahoma, after being convicted of Illegal Re-entry of a Deported or Removed Alien, in violation of 8 U.S.C. § 1326(a).   *United States v. Avitia-Bustamante*, Case No. 5:11-cr-00122 (W.D. Okla.) (ECF 23).   The petitioner's section 2241 petition asserts that the petitioner was being unlawfully restrained and deprived of his liberty in violation of the Due Process Clause of the Fifth Amendment because "Warden Karen F. Hogsten failed to determine 'the legality and propriety of the sentence' and 'process' which came into her hands or 'whether such process' was 'issued by a court of competent jurisdiction.'"   (ECF No. 1 at 6-7).   However, according to the Federal Bureau of Prison's inmate locater, [www.bop.gov](www.bop.gov), the petitioner was released from custody on August 6, 2014.   Thus, the petitioner's section 2241 petition is now moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be "moot."   In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.   *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007);

*Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last provided address.

July 26, 2016

Dwane L. Tinsley
United States Magistrate Judge

4